IN THE UNITED STATE DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Taffeta Home LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>John Doe,<br><br>                    Defendant. | Case No. _____ |

Taffeta Home LLC ("Plaintiff" or "Taffeta Home"), by and through its counsel, hereby brings the present action against John Doe (named, "Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction to the provisions of the 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant has committed the acts as described herein within this judicial district.

3. Upon information and belief, the Defendant is subject to this Court's specific and general jurisdiction due to at least their the actions which they have taken to disrupt the Plaintiff's business in the forum, this action includes: (i) at least a portion of the acts complained; (ii) repeatedly executing legal attacks on the Plaintiff related to business conducted or solicited, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; (iii) upon information and belief, targeting other entities and individuals operating and/or targeting business to individuals in Illinois and in this Judicial District; and (iv) employing legal counsel in the jurisdiction to put their business disruption purposes into action. The Defendant has targeted the Plaintiff's business in Illinois, and upon information and belief, targeting other entities and individuals operating and/or targeting business to individuals in Illinois, and has retained counsel in Illinois. The Defendant is committing tortious acts in Illinois and has wrongfully caused substantial injury in the State of Illinois.

**PARTIES**

4. Plaintiff, Taffeta Home, is a Wyoming Limited Liability Company, with a principal place of business at 30 N Gould St Ste R, Sheridan, WY 82801.

5. Plaintiff sells, offers to sell, and markets its products, including United States trademark protected La Jolie Muse branded products to Illinois and throughout the United States.

6. Plaintiff holds La Jolie Muse United States trademarks with Registration No. 5,390,864, registered on January 30, 2018 with a first use in commerce date of March

1, 2017, and Registration No. 5,196,645, registered on May 2, 2017 with a first use in commerce date of February 10, 2016. United States Trademark Serial No. 88851208 is pending with a filing date of March 27, 2020. These are summarized as follows:

| La Jolie Muse | La Jolie Muse | La Jolie Muse |
|---|---|---|
| Registration No. 5,390,864 | Registration No. 5,196,645 | Serial No. 88,851,208 |
| International Class: 021<br><br>U.S. Class: 002, 013, 023, 029, 030, 033, 040, 050 | International Class: 004<br><br>U.S. Class: 001, 006, 015 | International Class: 010<br><br>U.S. Class: 026, 039, 044 |
| Canister sets; Beverage glassware; Decorative plates; Dinnerware; Plastic storage containers for household or domestic use; Laundry baskets; Non-electric French presses; Collapsible fabric storage container for domestic use; General purpose storage bins for household use; Garden Sculptures of earthenware, resin; Porcelain flower pots; Flower pots | Candles, namely, scented candle, soy candle, candle | Aerosol masks for medical use; Anaesthetic masks; Anesthesia masks; Anesthetic masks; Babies' bottles; Clinical thermometers; Compression garments, namely, trousers; Compression garments, namely, jerseys; Condoms; CPR (cardiopulmonary resuscitation) masks; Dental instruments, namely, oral irrigators; Ear thermometers; Electronic stimulation apparatus for nerves, skin, and muscles for physical therapy purposes; Face masks for use by dental care providers; Face masks for use by health care providers; Facial toning machines for cosmetic use; Feeding bottle teats; Feeding bottles; Hearing aids; LED masks for therapeutic purposes; Masks for inhaling pharmaceutical preparations; |

|  |  | Masks for use by medical personnel; Massage apparatus; Massage apparatus for massaging necks and backs, feet; Medical apparatus and instruments for use in surgery; Medical apparatus for facilitating the inhalation of pharmaceutical preparations; Medical instruments, namely, orthopedic apparatus and instruments; Oxygen masks for medical purposes; Oxygen masks for medical use; Pediatric breathing masks for medical purposes; Respiratory masks for artificial respiration; Respiratory masks for medical purposes; Sanitary masks for dental use; Sanitary masks for dust isolation for medical purposes; Sanitary masks for dust prevention for medical purposes; Sanitary masks for fungus isolation purposes; Sanitary masks for germ isolation purposes; Sanitary masks for medical purposes; Sanitary masks for medical wellness purposes; Sanitary masks for pollen isolation purposes; Sanitary masks for virus isolation purposes; Sex toys; Surgical masks; Teeth aligners; Therapeutic facial masks |
|---|---|---|

7. Since 2015, Plaintiff's La Jolie Muse brand has been recognized as a renowned home decor brand worldwide especially by the customers in the US, UK and European markets. After years of diligent work on product development, sourcing, quality control, distribution planning and organizing, and brand building. La Jolie Muse brand

home decor products have been trusted by over one million users across the globe with more than two (2) million products sold. The Plaintiff's customers come to their store, and the La Jolie Muse brand, and leave with their expectations fulfilled. The Plaintiff has and always endeavors to offer quality, durability without giving up artistry and affordability.

8. Currently, the Plaintiff's product categories mainly lie in scented candles, plant pots, storage baskets, garden figurine, and dishware. In order to gain wider brand awareness and influence so as to encourage even more potential customers to enjoy the Plaintiff's products, during the 2019-2020 period, the Plaintiff's brand building and promotion expenditure has exceeded USD two (2) million. In return, the Plaintiff's sales in the US market alone has grown exponentially from USD 6.4 million to more than USD 23 million. Plaintiff is glad and confident that these numbers will continue to grow with continuous product development and brand promotion which will continue to establish the Plaintiff and their La Jolie Muse as a prestigious brand on the global stage.

9. Defendant is an individual or business, herein named as John Doe, who is asserting rights against the Plaintiff, which conducts business in the United States, including within Illinois and in this Judicial District.

10. While the Defendant's identity and location are now unknown to Plaintiff, upon information and belief, the Defendant is an individual or business entity who resides in the People's Republic of China. Tactics used by the Defendant to conceal their identities and the full scope of their fraudulent business disruption, supported by their Chicago-based legal representation, makes it virtually impossible for Plaintiff to learn

Defendant's true identity and the exact interworking of their network. In the event that the Defendant provides additional credible information regarding their identity, Plaintiff will take appropriate steps to amend the Complaint.

## BACKGROUND

11. Plaintiff offers a range of products, including wax candle products, on Amazon, including the following four (4) stores that are licensed to sell the Trademark protected La Jolie Muse brand, as presented below.

    - Melrose Home Décor
    - La Fleu Home
    - EXQUIS HOME
    - 1stselling

12. All promotional images for these products were either captured independently by the Plaintiff, the manufacturer of the products provided to the Plaintiff, or through stock photo outlets ShutterStock (www.shutterstock.com), Colour Box (www.colourbox.com) or Getty Images (www.gettyimages.com).

13. The Plaintiff has incurred a range of costs related to the fraudulent suspension of its ability to sell inventory held by Amazon through the "Fulfillment by Amazon" program in which Amazon manages a seller's regional inventory. These losses are estimated to be at least $3 million U.S. dollars before legal cost.

14. The Plaintiff's products have been commercially successful with their distinctive and recognizable branding providing differentiation to other competitors' brands providing consumers with an understanding of the products quality.

15. The Plaintiff's products have been widely promoted, both in the United States and throughout the world. Consumers, potential consumers, and other members of the public recognize that the Plaintiff's products sold in the United States originate exclusively from the Plaintiff.

16. Neither the Plaintiff's offerings, including their wax candle products, nor their marketing materials including images, are derived from competitor or other rights-holders protected property.

17. Plaintiff has committed and expended substantial time, money and other resources developing, advertising and otherwise promoting their products.

18. Upon information and belief, the Defendant is fraudulently asserting undisclosed rights, that may or may not exist, to prevent valid sale of competing products on Amazon.

19. As a result of Plaintiff's substantial advertising and promotional efforts, as well as the high quality of the products and services associated with their products, the Plaintiff has earned valuable and residual goodwill and reputation in the United States.

20. Upon information and belief, the Defendant holds no applicable rights to bar sales of the Plaintiff's products and continue to fraudulently assert inapplicable rights to maliciously harm products and companies, such as the Plaintiff, and effectively bar

them from offering legitimate products on Amazon, and likely other online marketplaces.

21. Defendant is an individual or business entity who, upon information and belief, resides in the People's Republic of China.

22. Defendant has retained local counsel to fraudulently enforce inapplicable rights to bar individuals and companies, such as the Plaintiff, from validly selling products seen as competitive on online marketplaces.

23. Despite direct inquiry and communication with the Defendant's legal representation based in the Northern District of Illinois jurisdiction, Arch and Lake, located at 203 N LaSalle Street, Suite 2100, Chicago, IL 60601, the Plaintiff has been refused any and all information regarding the Defendant's identity and the rights held and asserted by the Defendant. Thus, this complaint must be brought against the Defendant named as John Doe.

## DEFENDANT'S UNLAWFUL CONDUCT

24. The success of the Plaintiff's products, including their wax candle products, has resulted in it becoming a target by other online marketplace stores. Plaintiff has received a multitude of copyright complaints through Amazon, including complaints from the John Doe Defendant which has specifically and maliciously targeted the Plaintiff that offers products to consumers in this Judicial District and throughout the United States. Defendant has persisted in filing numerous complaints resulting in the suspension of Plaintiff's ability to lawfully market and sell their products through online marketplaces. Details of these complaints are as follows:

| Amazon ASIN | Amazon Complaint ID |
|---|---|
| B01GHEZUR0<br>B06Y5TJ77V<br>B07GNJ24FF<br>B088GNZ6WF<br>B088H7NPKF | 7472145731 |
| B071ZP6CV4 | 7472399451, 7705770191 |
| B07T47S1LH | 7472328701 |
| B078Y8Y8BV | 7579288361 |
| B07FYF85ZR | 7579277431, 7622411381 |
| B088GSHFTC | 7579293591, 7622392321 |
| B088GTD4T3 | 7579222911, 7622401091 |
| B074C1RVDS | 7694572041 |
| B07DXK4W9L | 7694573711 |
| B088T34LT8 | 7694547631 |
| B08DLZP8SQ | 7694573111 |
| B07T7H686B | 7777212461 |
| B086QKP3HD | 7579206021 |
| B078Y98KQ2 | 7579236951 |
| B08BY8S67X | 7705860831 |
| B08BY763JG | 7705790091 |

| | |
|---|---|
| B08BY75974 | 7705761651 |
| B01MUDXAG4 | 7705862341 |

25. Defendant has gone to great lengths to conceal their identity and the actual rights, if any, utilized to fraudulently diminish healthy market competition from the shadows of anonymity. This tactic is intentional in its attempt to impede any entity's ability to know what rights are being asserted on behalf of the Defendant, let alone respond to any complaint in any constructive capacity.

26. Defendant's intentional tactic of not revealing their identity or the rights they claim to hold reveals an obvious intent to obfuscate the facts of the claimed rights. This is a direct affront to the United States intellectual property system, which is in-place to uphold the lawful rights of those who hold rights and those who are wrongfully targeted by alleged rights holders.

27. Plaintiff has been damaged by the Defendant's foregoing perversion of the protections provided by United States Copyright law and the United States Patent and Trademark Office policies.

28. Defendant's wrongful conduct, fraudulent utilization of United States intellectual property protections, and malicious attacks on fair marketplace competition will continue unless enjoined by this Court.

## CLAIMS FOR RELIEF

### COUNT I
**UNFAIR TRADE PRACTICES (17 U.S.C. § 401 and 815 ILCS §§ 510/2, 510/3)**

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

30. The Defendant claims, through direct notice to Amazon and through their legal representation, that they hold protected rights to an intellectual property that bars the sale of Plaintiff's products, yet they have provided no actual evidence of the nature of the allegedly held right.

31. Defendant has intentionally obfuscated the nature of its allegedly held intellectual property right effectively breaching the notice requirement as set forth in 17 U.S.C. § 401.

32. Defendant has utilized this claim of intellectual property to create a false representation of their products, if such products exist.

33. Through the intentional obfuscation of the alleged rights, Defendant has purposefully disrupted the ability for established businesses, companies, and individuals, such as the Plaintiff, to continue to conduct legitimate commerce.

34. Defendant's activities constitute willful false representations of their rights and products resulting in the intentional disruption of third-party businesses such as the Plaintiff..

35. Plaintiff has no adequate remedy at law, and if Defendant' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the ability to conduct lawful, ongoing commerce.

36. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful false representation of their products and intellectual property rights, and willful fraudulent wielding of intellectual property protections against the intent of the law.

### COUNT II
### TORTIOUS INTERFERENCE - INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (15 U.S.C. § 1125(a))

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

38. Defendant has inflicted intentional interference with prospective economic advantage through the repeated inducement of the marketplace principal, Amazon, to bar the plaintiff from the continued sale of its established and independently created and originally marketed products.

39. This has caused intentional harm to the Plaintiff and acts as a causal connection between the Defendant's conduct and the actual harm to the Plaintiff.

40. Plaintiff has no adequate remedy at law and, if Defendant' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation, goodwill of its brand, and ongoing direct economic harm due to the continued bar of its products from sale.

### COUNT III
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT (17 U.S.C. § 101 et seq. and 28 U.S.C. § 2201)

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42. John Doe has claimed that Plaintiff's various listings and use of marketing images on listing pages constitutes copyright infringement, and has threatened to continue filing complaints and bring a lawsuit against Plaintiff on this basis.

43. An actual, present and justiciable controversy has arisen between Plaintiff and John Doe concerning Plaintiff's rights to sell and market their products on Amazon.

44. Plaintiff seeks declaratory judgment from this Court that its current offerings and the marketing thereof does not constitute copyright infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) A judgment entered in favor of Plaintiff on its claim that Defendant has intentionally and tortiously interfered with, and utilized unfair trade practices to inhibit, the ongoing and lawful business of the plaintiff;

2) That Defendant has intentionally obfuscated the true nature of its intellectual property rights, if any, backing a malicious and intentional course of actions to induce the bar of sale of the Plaintiff's lawful sale of goods, pursuant to 35 U.S.C. §283 be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. further inducing any third-party, and in this case Amazon, from withholding the Plaintiff's ability to sell and offer it products on their marketplaces;

    b. claiming intellectual property right for undisclosed goods or other properties that they have no intention of providing actual information about and thus providing required notice of held rights;

    c. committing further calculated acts to intentionally hinder free market sale and marketing of products that are not in fact protected by them;

    d. further fraudulently wielding intellectual property protection as a means to unlawfully enjoin competitors from offering non-infringing goods and marketing them through non-infringing means;

    e. otherwise competing unfairly with Plaintiff in any manner.

3) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail their identity, the intellectual property rights which they claim to hold, and the manner and form in which Defendant have complied with paragraph 1, a through e, above;

4) Following the fourteen (14) days, absent the voluntary disclosure of identity and alleged property rights in questions by the Defendant, the Court compel the Defendant's legal representation, Arch & Lake LLP, and Amazon.com, to disclose such information;

5) Absent the compelling of disclosure by the Court, pursuant Ill. S. Ct. R. 204(a)(1), the Court grant the Plaintiff's request for a deposition subpoena compelling deposition testimony from the Defendant, its representation Arch & Lake LLP, and Amazon.com.

6) A judgment and order that Defendant pay over to Plaintiff:

    a. all profits lost profits incurred by the Plaintiff by reason of Defendant's unlawful acts herein alleged;

    b. all expected original sales and expected sales growth lost by reason of Defendant's unlawful acts herein alleged;

    c. all peak season storage costs charged for arriving inventory after being removed from sale due to "unsaleability" determination by Amazon in response to Defendant's unlawful acts herein alleged.

7) That this case, including Defendant prosecution of its claims, be declared exceptional and Plaintiff be awarded its costs, expenses, and reasonable attorneys' fees in this action pursuant to 15 U.S.C. § 1117, 815 ILCS § 510/3, and other applicable law; and

8) Award any and all other relief that this Court deems just and proper.

DATED _____, 2021            Respectfully submitted,

                                                         /s/ Ge (Linda) Lei
                                                         Ge (Linda) Lei
                                                         Getech Law LLC

> 203 N LaSalle St, Suite 2100
>
> Chicago, IL 60601
>
> Tel.: 312-888-6633
>
> Attorney No. 6313341
>
> linda.lei@getechlaw.com
>
> *ATTORNEY FOR PLAINTIFF*
>
> *Taffeta Home LLC*